OPINION *Page 2 
{¶ 1} Defendant Christian S. Smith appeals a judgment of the Municipal Court of Licking County, Ohio, which accepted his plea of no-contest and found him guilty of failure to control in violation of R.C. 4511.202, and operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a). Appellant had also been charged with a violation of R.C. 4511.19 (F), operating a motor vehicle with a prohibited concentration of alcohol in his blood, but the trial court did not convict or sentence him on this charge. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND/OR AS A MATTER OF LAW BY DENYING APPELLANT'S RIGHT TO A SPEEDY TRIAL.
 {¶ 3} "II. THE TRIALCOURT ERRED IN DENYING APPELANT'S MOTION TO FIND THE ARRESTING OFFICE INCOMPETENT TO TESTIFY.
 {¶ 4} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING APPELLANT'S MOTION TO SUPPRESS STATEMENTS ATTRIBUTED TO APPELLANT.
 {¶ 5} "IV. THE TRIAL COURT ERRED IN OVERRULING APPELLNAT'S MOTION TO SUPPRESS THE BLOOD TEST AND REPORTED RESULTS HEREIN."
 I. {¶ 6} In his first assignment of error, appellant argues the trial court should have dismissed this case because the State failed to bring him to trial within 90 days of the issuance of summons, pursuant to R.C.2945.71. *Page 3 
 {¶ 7} Appellant was originally cited on September 18, 2006, by Trooper Kevin Milligan of the Ohio State Highway Patrol. A suppression hearing was set for December 7, 2006, but Trooper Milligan failed to appear and the State dismissed the matter.
 {¶ 8} Trooper Milligan served appellant with a new citation on March 15, 2007, with reference to the September 18, 2006 traffic accident. The trial court conducted a suppression hearing on June 22, 2007. After the court overruled the motion to suppress, appellant changed his plea from not guilty to no contest.
 {¶ 9} Appellant argues at the time of the dismissal of the original case, the State had all the evidence necessary to proceed to trial. The State elected to dismiss the matter rather than requesting a continuance until the arresting officer could appear. Appellant argues the within case presents an unjustified pre-complaint delay, which should be attributable to the State for speedy trial purposes, citing State v.Meeker (1971), 26 Ohio St. 2d 9.
 {¶ 10} Meeker is distinguishable from the case at bar. InMeeker, the state knew the defendant committed acts which would constitute four separate crimes. The state elected in June 1963 to charge the defendant with only one of those crimes. The Ohio Supreme Court held to indict the defendant on the other three crimes, in April 1969 violates the defendant's right to a speedy trial. The court found delay in prosecution was not legally justified by the fact that defendant pleaded guilty in 1963 to a lesser included offense under the original charge, and was sentenced to prison but in 1969 secured post-conviction relief voiding his 1963 guilty plea. (Syllabus by the court, paragraph 4.) *Page 4 
 {¶ 11} As appellant rightly points out, speedy trial rights are strictly construed against the State and liberally construed in favor of appellant, see, e.g., State v. Pachay (1980), 64 Ohio St. 2d 218.
 {¶ 12} The State replies a three-month delay between the dismissal of the original action and its re-filing is not an unreasonable delay. The State concedes speedy trial rights apply to delays in commencing prosecution as well as delays after indictment, State v. Selvage (1997),80 Ohio St. 3d 465, 687 N.E. 2d 433.
 {¶ 13} In State v. Broughton (1991), 62 Ohio St.3d 253,581 N.E.2d 541, the court held the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised on the same facts as alleged in the original indictment, is not counted when calculating speedy trial time unless the defendant was held in jail or is released on bail.
 {¶ 14} We find the record does not contain evidence supporting appellant's assertion the three months between the State's dismissal of the original action and its re-filing should not be tolled. Accordingly, those days between the dismissal of the original citation and the filing of the second are not counted in calculating appellant's speedy trial date.
 {¶ 15} Pursuant to R.C. 2945.71, a defendant charged with a first degree misdemeanor must be tried within 90 days of the summons. In response to the motion to dismiss, the State presented the trial court with a document showing the days attributable to appellant, the days attributable to the State, and the days tolled. Appellant's sole argument is the days between the dismissal of the original summons *Page 5 
and the refilling of the case should have been charged to the state. Appellant does not dispute the rest of the State's calculations.
 {¶ 16} We find the record demonstrates appellant was brought to trial within the speedy trial time, and the trial court did not err in overruling the motion to dismiss.
 {¶ 17} The first assignment of error is overruled.
 II. {¶ 18} In his second assignment of error, appellant urges Trooper Milligan should not have been permitted to testify at the suppression hearing. R.C. 4549.13 through .16 and Evid. R. 601 require any officer arresting, or participating or assisting in the arrest of, a person charged with violating the motor vehicle or traffic laws of this state, provided the offense is punishable as a misdemeanor, if the officer is on duty exclusively or for the main purpose of enforcing such laws, is incompetent to testify as a witness in any prosecution against such arrested person if such officer at the time of the arrest was not wearing a distinctive uniform and driving a marked motor vehicle.
 {¶ 19} While appellant apparently concedes in issuing the first citation Trooper Milligan was in uniform and using a properly marked vehicle, when he served the second citation, he was using an unmarked vehicle and not in uniform. The State argues the crucial point in time is the time of the arrest. We agree.
 {¶ 20} We find Trooper Milligan was competent to testify at the hearing on the motion to suppress.
 {¶ 21} The second assignment of error is overruled. *Page 6 
 III. {¶ 22} In his third assignment of error, appellant argues the court should have suppressed statements he made to Trooper Milligan at Licking Memorial Hospital. Trooper Milligan could not recall whether he advised appellant of his rights pursuant to Miranda v. Arizona, (1966), 384 U, S. 436, 86 S, Ct. 1602, 16 L.Ed.2d 694.
 {¶ 23} Trooper Milligan testified one of the witnesses to the accident told him appellant had been knocked unconscious, but when the trooper spoke with appellant he was conscious in the ambulance, being treated by EMS personnel. Trooper Milligan followed the ambulance to the emergency room, where he observed hospital personnel stapling a gash to the back of appellant's head. Trooper Milligan testified he asked appellant routine questions and wrote out his answers. Some of appellant's family members were present. Trooper Milligan testified he did not arrest appellant at the hospital because the accident investigation was not completed.
 {¶ 24} The State argues appellant was not in custody at the hospital, and he made a voluntary statement in the course of the investigation. The State urges the trooper was not required to inform appellant of his Miranda rights. We agree the record contains evidence Trooper Milligan was investigating the cause of the accident when he questioned appellant at the hospital, and appellant was not in custody. The record does not contain any evidence appellant's injuries were so serious he was unable to make a voluntary statement.
 {¶ 25} The third assignment of error is overruled. *Page 7 
 IV. {¶ 26} In his fourth assignment of error, appellant argues the court should have suppressed the results of the blood test taken at the hospital. Appellant argues there was no written order to drawn blood. At the suppression hearing Nicholas Keener, the paramedic who drew the blood, testified he received an oral request from a nurse, although he could not recall her name. Keener testified he did not have his paramedic certificate at the time, but had completed training with a phlebotomist at the hospital and had completed all the competency tests for the training.
 {¶ 27} R.C. 4511.19 (D) provides that only a physician, a registered nurse, or a qualified technician, chemist, or phlebotomist shall withdraw a blood sample for purposes of determining impairment. The State asserts Keener was a qualified technician on the date he drew blood from appellant. We find the record supports the State's contention Keener was qualified to draw appellant's blood.
 {¶ 28} The fourth assignment of error is overruled. *Page 8 
 {¶ 29} For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.
Gwin, J., Hoffman, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1