OPINION *Page 2 
{¶ 1} Appellant Raymond Suiste appeals his conviction for resisting arrest and aggravated menacing in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 9, 2007, appellant called 911 and requested that a police officer be present at his house, where appellant's wife was purportedly expected to return for her belongings. Before the Stark County dispatcher could fully clarify the situation, appellant hung up. The call information was forwarded to the Perry Township Police Department, where dispatcher Cindy Barkheimer made telephone contact with appellant at the house. Appellant again hung up before Barkheimer was finished.
 {¶ 3} Perry Township police officer Jason Fisher was sent to investigate. When Officer Fisher arrived at the house, appellant was standing outside, appearing to be intoxicated. Appellant asked Fisher why he was there, to which Fisher replied that he was checking on the 911 call and a report of a domestic dispute. Appellant told the officer that everything was fine, and to "get the fuck away from him." Tr. at 165. Appellant proceeded to head back inside, despite Officer Fisher's attempt to grab the screen door. Appellant then told Fisher from inside the house that he would turn his dogs loose on the officer.
 {¶ 4} Officer Joshua Luke then appeared on the scene as back-up. As the officers tried to explain their obligation to check that there were no problems at the scene, appellant called the Perry Township Police Department and told the dispatcher that he was going to shoot the officers if they didn't leave. He also held a pistol up to the window for the officers to see. *Page 3 
 {¶ 5} Sergeant Jon Roethlisberger also reported to the scene. At about that time, appellant's wife came home. Appellant was then observed at the front picture window with a scoped rifle. Still in contact with the dispatcher, appellant again threatened to shoot the officers. He thereupon pointed the rifle at Fisher and began "counting down."
 {¶ 6} The three officers quickly took cover. A Canton P. D. SWAT team and the Perry Township Police Chief were summoned to the area. After about three hours of negotiation, during which time appellant repeated his threats, appellant surrendered to police. He was thereupon arrested.
 {¶ 7} On April 24, 2007, the Stark County Grand Jury indicted appellant on one count of resisting arrest, with a firearm specification, and one count of aggravated menacing. Appellant pled not guilty, and the matter proceeded to a jury trial.
 {¶ 8} On August 9, 2007, the jury found appellant guilty as charged in the indictment. The court thereupon sentenced appellant to seventeen months in prison for resisting arrest, plus an additional three years on the firearm specification, to be served consecutively. The court also sentenced appellant to 180 days for aggravated menacing, to be served concurrently.
 {¶ 9} Appellant filed a notice of appeal on September 10, 2007. He herein raises the following sole Assignment of Error:
 {¶ 10} "I. WHETHER DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL." *Page 4 
 I. {¶ 11} In his sole Assignment of Error, appellant contends he was deprived of the effective assistance of counsel, based on his defense attorney's failure to file a motion to suppress evidence. We disagree.
 {¶ 12} There is a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. See Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the proceeding is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id.
 {¶ 13} Defense counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267. Furthermore, "[w]here the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." State v. Drummond (2006),111 Ohio St.3d 14, 41, 854 N.E.2d 1038, 2006-Ohio-5084, quoting State v. Gibson (1980),69 Ohio App.2d 91, 95, 23 O.O.3d 130, 430 N.E.2d 954. *Page 5 
 {¶ 14} The record reflects the following exchange which took place between the trial court judge and defense counsel prior to trial:
 {¶ 15} "THE COURT: What was the unreasonable search and seizure?
 {¶ 16} "Attorney Petit: It has been held that if he has no way out of his house he is effectively seized. As soon as three officers show they surround his house. He can't leave the house without talking to the officer, so he is effectively seized at that time.
 {¶ 17} "THE COURT: Now, do you have the case law for me for that? You say it's been held?
 {¶ 18} "Attorney Petit: No, I will provide that to the court later but I do not have that, but it has been held. I mean, I've argued suppression hearings, and I understand that is a suppression hearing, but I've argued suppression hearings before this Court regarding hotel rooms and if there's not a way out, a reasonable way out of the house or out of the apartment, then they are effectively seized, and you yourself have held that. You've, you've looked at the law and said yes, if he doesn't have a reasonable way out and the officer keeps pounding on the door, then he is effectively seized in the home at that point in time. He hadn't committed a crime at that point in time, yet when Roethlisberger got there they surrounded the house . * * *
 {¶ 19} "THE COURT: . . . Do you agree that you did not file a suppression — a motion to suppress?
 {¶ 20} "Attorney Petit: Yes, I agree, Your Honor.
 {¶ 21} "THE COURT: Well, I'll certainly give you the opportunity to provide me with case law that will allow you to bring forth evidence, but I will rule, and I'll note your *Page 6 
objection for the record, that you're not to make any argument along the lines of what you just outlined in your opening statements. * * *." Tr. at 12-15.
 {¶ 22} Appellant herein essentially proposes that the evidence of his actions which occurred while police surrounded and subsequently entered his house should have been subjected to a suppression motion by defense counsel. The State, focusing on the legality of the seizure at issue, aptly responds in its brief that when police officers have a reasonable basis to believe that an emergency exists, they have a duty to enter the premises and investigate. See State v. Applegate (1994),68 Ohio St.3d 348, 350 (citations omitted). We find the fundamental issue in this case, however, is whether appellant's independent criminal activity would have been "fruit of the poisonous tree" and thus subject to suppression, even if we were to find the police seizure was illegal.
 {¶ 23} The Fourth Amendment prohibits unreasonable searches and seizures. "However, an observation of a fresh crime committed during or after the arrest is not to be suppressed even if the arrest is unlawful." State v. AH, 154 Ohio App.3d 493, 797 N.E.2d 1019,2003-Ohio-5150, ¶ 13. "The Fourth Amendment's exclusionary rule, which [the defendant] seeks to invoke, does not sanction violence as an acceptable response to improper police conduct. The exclusionary rule only pertains to evidence obtained as a result of an unlawful search and seizure." Id. at ¶ 16, quoting Akron v. Recklaw (Jan. 30, 1991), Summit App. No. 14671, 1991 WL 11392 (additional citations omitted).
 {¶ 24} In the case sub judice, the State presented testimony that appellant brandished two different firearms inside the house during the standoff, while simultaneously threatening that he was going to shoot the responding officers. At *Page 7 
various times, appellant pointed his rifle towards the officers and their vehicles. The threats continued after a SWAT team and negotiator arrived. Having reviewed the record, we find no showing that defense counsel's decision to refrain from attempting suppression of appellant's independent criminal acts under these circumstances fell below an objective standard of reasonable representation.
 {¶ 25} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 Wise, J., Hoffman, P. J., and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1