[Cite as *State v. Eberly*, 2012-Ohio-6363.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11AP030015 |
| KEITH A. EBERLY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the New Philadelphia
Municipal Court, Case No. TRC 1000128
A-B


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      November 19, 2012


APPEARANCES:

For Appellant:

ANDREW F. PECK
1435 Market Ave. N.
Canton, OH 44714

For Appellee:

NEW PHILADELPHIA
PROSECUTOR'S OFFICE
158 East High Ave.
New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Appellant Keith A. Eberly appeals from the March 10, 2011 judgment entry of the New Philadelphia Municipal Court convicting him of one count of O.V.I. and one count of failure to control. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose around midnight on January 9, 2010 when E.M.T.s with the Wayne Township Volunteer Fire Department responded to a call of a vehicle crash with injuries on County Road 94 in Wayne Township, Tuscarawas County. The following facts are adduced from appellant's bench trial.

{¶3} E.M.T. Nick Harper and his colleagues eventually found the car involved in the crash; it had gone over a guardrail and down an embankment toward a creek. The car was heavily damaged and the driver, appellant, was found on the passenger side of the car near the rear wheel, crouched down against the car. Appellant said his back was seriously injured. Harper and his colleagues immobilized appellant on a stretcher to stabilize his head and neck transport for to a hospital.

{¶4} Inside the ambulance, Harper talked to appellant to determine what basic life support was necessary. Appellant was slow to respond and wanted to hold Harper's hand. Harper noticed an odor of alcohol about appellant, and asked him whether he had consumed any alcohol that night. Appellant responded yes, a "30-pack."

{¶5} Trooper Timothy Scott investigated the crash and arrived on the scene when appellant was already in the back of the ambulance. Scott, too, noticed an odor of alcohol about appellant. Scott did not talk to appellant at that point due to his

injuries. He noted appellant would be transported to Aultman Hospital and proceeded to investigate the crash scene.

{¶6} Scott concluded appellant was driving on County Road 94 when he drifted off the right side of the road and side-swiped a guardrail with the right side of his car. Appellant then overcorrected his steering to the left, traveling at such a high rate of speed that his car went up onto the guardrail on the left side of the road and actually slid along it sideways almost 60 feet, shearing off the post of the guardrail. The car then proceeded over the guardrail and rolled several times down the embankment with enough speed that it bounced off a group of trees at a distance 7 to 8 feet off the ground before finally coming to rest.

{¶7} Scott noted the roadway where this crash occurred is straight and there are no curves. His conclusion of over-steering is based upon yaw marks left behind on the roadway containing striations from the car's tires sliding sideways. Scott testified yaw marks are caused by steering input; when a driver overcorrects and a vehicle slides on the roadway, black marks are left behind. He distinguished yaw marks from skid marks, which are caused by braking and don't contain striations. Yaw marks only occur when the roadway is dry; therefore, Scott pointed out, there was no ice or snow on the roadway at the time of this crash. Scott also determined the car had to have been traveling at a high rate of speed to have struck the trees at a level 7 to 8 feet off the ground instead of following the contour of the embankment.

{¶8} Scott took photographs of the crash scene. He found an empty beer can in the car.

{¶9} Scott made contact with appellant in the hospital the next day. Appellant admitted he was the driver and alone in the car. Appellant provided a written statement by means of Scott writing out appellant's words which appellant then initialed. Appellant simply stated "I hit black ice and lost control." Upon further questioning, appellant said his speed was about 40 or 50 miles per hour, there was no other traffic on the road, he was coming from a friend's house about two miles down the road, and the crash occurred around 11:15 p.m. Scott asked whether appellant had consumed any alcohol and appellant admitted that beginning at 3:00 p.m. that day he consumed a "30-pack."

{¶10} Scott testified appellant's claim of black ice was not consistent with his investigation because no yaw marks would have been found if black ice had been on the roadway. Scott also found appellant's claim traveling 40 to 50 miles per hour to be unlikely based upon the force and violence of the crash. Scott opined appellant operated his vehicle under the influence of alcohol for a number of reasons: the manner in which he went off the road due to exaggerated steering maneuvers, the roadway was straight yet appellant went off the right side, the empty beer can indicated possible consumption while driving, the odor of an alcoholic beverage on appellant at the scene, and appellant's admission of consuming a "30-pack" since 3:00 p.m. that day.

{¶11} Appellant was cited with one count of O.V.I. and one count of failure to control. Appellant entered a plea of not guilty and the case proceeded to bench trial. Appellee presented the testimony of Harper and Scott together with the pictures of the crash scene and appellant's statement. Appellant did not present any evidence on his

own behalf. At the conclusion of the trial, the court found appellant guilty as charged and sentenced him to a term of 180 days in jail to be served as 10 days in the Tuscarawas County Jail and 60 days on house arrest with the balance suspended upon the condition appellant complete an assessment for alcohol abuse treatment. Appellant's operator's license was suspended for three years and six points were assessed.

{¶12} Appellant now appeals from the judgment entry of conviction and sentence. Appellee did not file a brief in this appeal.

{¶13} Appellant raises two Assignments of Error:

{¶14} "I.  APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSITUTION."

{¶15} "II.  THE TRIAL COURT FINDING APPELLANT GUILTY OF A VIOLATION OF R.C. 4511.19(A)(1)(a) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

I.

{¶16} In his first assignment of error, appellant argues he received ineffective assistance of counsel. We disagree.

{¶17} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently.

*See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* supra, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶18} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶19} Appellant first argues he received ineffective assistance of trial counsel because counsel did not file a motion to suppress his statements to Harper and Scott. The failure to file a suppression motion does not constitute per se ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. *State v. Butcher,* 5th Dist. No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing *State v. Robinson*, 108 Ohio App.3d 428, 433, 670 N.E.2d 1077 (3rd Dist.1996). Furthermore,

"[w]here the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." *State v. Drummond*, 111 Ohio St.3d 14, 41, 2006-Ohio-5084, 854 N.E.2d 1038, quoting *State v. Gibson*, 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (8th Dist.1980). See also, *State v. Suiste,* 5th Dist. No. 2007 CA 00252, 2008-Ohio-5012; *State v. Montgomery*, 5th Dist. No. 2007 CA 95, 2008-Ohio-6077.

{¶20} Appellant argues his statements in the aftermath of the crash were not made knowingly, voluntarily, or intelligently due to his injured condition and Scott's apparent failure to give him the *Miranda* warnings in the hospital room, therefore counsel should have moved to suppress the statements.

{¶21} We will review the trial testimony to determine whether appellant's statements were unlawfully obtained to determine if a motion to suppress would have been meritorious.

{¶22} In regards to the statements made to EMT Harper, we find the statements were made in response to inquiry by a first responder in order to administer first-aid and to determine appellant's medical condition. Appellant was conscious and responsive to the questions. Although obviously injured and somewhat disoriented, appellant's statements appear voluntary and the product of free will.

{¶23} In regards to the appellant's statements to Tpr. Scott at the hospital, it is well established that a defendant who is subjected to custodial interrogation must be advised of his or her *Miranda* rights and make a knowing and intelligent waiver of those rights before statements obtained during the interrogation will be admissible.

*State v. Treesh*, 90 Ohio St.3d 460, 739 N.E.2d 749 (2001). The determination whether a custodial interrogation has occurred requires an inquiry into how a reasonable person in the suspect's position would have understood the situation. *State v. Biros*, 78 Ohio St.3d 426. See also, *State v. King*, 3rd Dist. No. 16-11-07, 2012-Ohio-1281; *State v. Feaster*, 9th Dist. No. 24367, 2009-Ohio-2558.

{¶24} We find appellant has not established a suppression motion on the basis of *Miranda* would have been granted.  The record does not reflect that appellant's movement was restrained in anyway nor was he informed that he was under arrest. Appellant was conscious at the time of questioning and could reasonably have understood what was being said to him. There is nothing in the record indicating his responses were not voluntary.  Nor does the record contain any evidence appellant's injuries were so serious he was incapable of making a voluntary statement.  *State v. Smith*, 5th Dist. No. 2007-CA-100, 2008-Ohio-2680, ¶24.  Accordingly, we conclude that the statements to Tpr. Scott at the hospital were voluntary and appellant was not in custody.  Appellant has not established a suppression motion would have been successful and we decline to find trial counsel was ineffective.

{¶25} Appellant further argues counsel was ineffective in failing to request a continuance upon appellee's alleged failure to provide a copy of Harper's E.M.T. report prior to trial.  We are unwilling to find counsel's decision to proceed was ineffective on the basis of appellant's speculation counsel may have called additional witnesses or used a different trial strategy if he had more time to review the report. Both the report and the witness were made available to counsel to interview prior to

the bench trial, and the record is devoid of any evidence the outcome of the trial would have been different had counsel requested additional time to review the report.

{¶26} For the foregoing reasons, we find defense trial counsel was not ineffective, and appellant's first assignment of error is overruled.

II.

{¶27} In his second assignment of error, appellant argues his conviction for O.V.I. is against the manifest weight of the evidence. We disagree.

{¶28} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶29} Appellant was convicted of one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a), which states in pertinent part: "No person shall operate any vehicle * * * if, at the time of the operation, any of the following apply: [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶30} Appellant argues his conviction is against the manifest weight of the evidence because an alternative explanation exists for the crash: black ice. Appellant further argues his statements regarding his alcohol consumption were unreliable and

no evidence exists to definitively establish he was impaired. As we have often noted, however, the elements of an offense may be established by direct evidence, circumstantial evidence, or both. *State v. Durr*, 58 Ohio St.3d 86, 92, 568 N.E.2d 674 (1991). Circumstantial evidence is defined as "[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought proved." *State v. Nicely*, 39 Ohio St.3d 147, 150, 529 N.E.2d 1236 (1988), quoting Black's Law Dictionary 221 (5th Ed.1979). Circumstantial and direct evidence are of equal evidentiary value. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991).

{¶31} The circumstantial evidence of appellant's impairment is considerable. Appellant's theory about the cause of the crash is not supported by the physical evidence in the record and the trial court did not lose its way in concluding appellant was appreciably impaired at the time his vehicle struck the guardrail, went across the roadway, and over the embankment. The investigating officer found the roadway was dry and straight where appellant went off the road. Appellant told two different witnesses, one immediately after the crash and another the next day, that he consumed a "30-pack" of beer in the hours leading up to the crash. Both witnesses noted an odor of an alcoholic beverage emanating from him at the scene. Even appellant's claim that he was only traveling 40-50 miles per hour when he went off the road was inconsistent with the evidence of the force with which the car slid along the top of the left guardrail, flipped over the embankment, and struck the trees. While the beer can alone does not necessarily prove appellant was impaired, taken with his admissions of consuming a significant amount of beer, the crash and the smell of

alcohol coming from appellant, we cannot say the trial court lost its way in convicting appellant of O.V.I.

{¶32} Appellant's second assignment of error is overruled.

{¶33} Having overruled both of appellant's assignments of error, the judgment of the New Philadelphia Municipal Court is hereby affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.


_____

HON. PATRICIA A. DELANEY


_____

HON. JOHN W. WISE


_____

HON. JULIE A. EDWARDS


PAD:kgb

[Cite as *State v. Eberly*, 2012-Ohio-6363.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KEITH A. EBERLY | : | |
| | : | |
| | : | Case No. 11AP030015 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the New Philadelphia Municipal Court is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON.  JULIE A. EDWARDS