[Cite as *Indian Hill v. Ledgerwood*, 2013-Ohio-1812.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF THE VILLAGE OF INDIAN HILL, | : | APPEAL NO. C-120448 TRIAL NO. M-12TRD-25296 |
| | : | |
| Plaintiff-Appellant, | | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| KEITH D. LEDGERWOOD, | | |
| | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 3, 2013

*Frost Brown Todd LLC* and *Benjamin J. Yoder*, for Plaintiff-Appellee,

*Keith D. Ledgerwood*, pro se.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}   Plaintiff-appellee, the City of the Village of Indian Hill ("Indian Hill") appeals from a decision of the Hamilton County Municipal Court granting defendant-appellee Keith D. Ledgerwood's motion to dismiss a speeding charge against him for lack of a speedy trial.  We find merit in Indian Hill's sole assignment of error, and we reverse the trial court's judgment.

{¶2}   The record shows that on February 6, 2012, Ledgerwood was cited for speeding under Indian Hill Code of Ordinances 73.10.  On February 27, 2012, he appeared in Indian Hill mayor's court and entered a not-guilty plea.  Because Indian Hill's charging witness was unavailable, it asked Ledgerwood to sign a waiver of time to continue the trial, which Ledgerwood refused to do.  After Ledgerwood left mayor's court, Indian Hill moved for a nolle prosequi of the charge against him, which the mayor's court granted.

{¶3}   On February 29, 2012, Indian Hill sent Ledgerwood a letter requiring his appearance for trial in mayor's court on March 1, 2012.  Indian Hill also dispatched a police officer to his residence.  The officer told him that he had to sign a waiver of time or he would have to appear in mayor's court on March 1, 2012.  Ledgerwood appeared in mayor's court as stated in the letter.  He was found guilty after trial.

{¶4}   Ledgerwood appealed that guilty verdict to the Hamilton County Municipal Court.  On March 28, 2012, he moved to dismiss the charge against him because of the earlier nolle prosequi in mayor's court.  The municipal court granted

the motion, finding that Indian Hill had dismissed the charge, but had failed to properly recite Ledgerwood for the offense.

{¶5} On April 16, Ledgerwood was cited again for the same speeding violation, and he was summoned to appear in mayor's court on April 23, 2012. He appeared on that date, and the mayor's court granted his request for a continuance until May 21, 2012.

{¶6} On May 21, 2012, Ledgerwood again appeared in mayor's court. Following a trial, he was found guilty. He again appealed the mayor's court decision to the municipal court. Subsequently, he filed a motion to dismiss the charge on speedy-trial grounds. He argued that Indian Hill had failed to bring him to trial in 30 days as required by R.C. 2945.71(A). The trial court granted Ledgerwood's motion, and Indian Hill has filed a timely appeal from that judgment.

{¶7} In its sole assignment of error, Indian Hill contends that the municipal court erred in granting Ledgerwood's motion to dismiss. It argues that the dismissal without prejudice of the original citation tolled the speedy-trial period until the issuance of the subsequent citation. Therefore, it argues, it did not violate Ledgerwood's speedy-trial rights because only 28 days were chargeable to the state between his citation and trial. This assignment of error is well taken.

{¶8} R.C. 2945.71(A) provides that a person charged with a minor misdemeanor must be brought to trial within 30 days. The issue in this case is whether the time between the nolle prosequi of the original charge and the second citation was chargeable against the state.

3

{¶9}     The speedy-trial period only runs against the state during the time in which an indictment or charge is pending.  *State v. Broughton*, 62 Ohio St.3d 253, 259, 581 N.E.2d 541 (1991).  Consequently, the Ohio Supreme Court has held that for purposes of computing how much time has run against the state, "the time period between the dismissal without prejudice  of an original indictment and the filing of a subsequent indictment premised upon the same facts as alleged in the original indictment, shall not be counted[.]"  *Id.* at paragraph one of the syllabus.  The only exception to this rule is if the defendant is held in jail or released on bail during the time between the original indictment and the subsequent indictment.  *Id.* at 260-261.

{¶10}  Courts have applied the same rule in misdemeanor cases where the charge was nolled or dismissed without prejudice.  *See id.* at 258; *State v. Bonarrigo*, 62 Ohio St.2d 7, 10-11, 402 N.E.2d 530 (1980); *Westlake v. Cougill*, 56 Ohio St.2d 230, 232-233, 383 N.E.2d 599 (1978); *State v. Smith*, 5th Dist. No. 2007-CA-100, 2008-Ohio-2680, ¶ 13-15; *State v. Stamps*, 127 Ohio App.3d 219, 227, 712 N.E.2d 762 (1st Dist.1998).  Those courts reasoned that during that time period, no charges were pending against the defendant.  *See State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, ¶ 13-20; *Broughton* at 258.

{¶11}  Ledgerwood was originally cited on February 6, 2012.  He appeared in mayor's court on February 27, 2012, 21 days after the original citation.  On that date, Indian Hill was granted a nolle prosequi of the charge against him.  Because the charge was no longer pending, the time stopped running against the state.

{¶12}  Ledgerwood argues that the time was still running because a police officer showed up at his door on February 29, 2012, and told him that he had to

4

appear in mayor's court. He was then tried in mayor's court on May 1, was found guilty, and was forced to appeal the mayor's court's judgment to the municipal court. He argues that Indian Hill violated Crim.R. 48(A) by failing to terminate the prosecution.

{¶13} We agree that Indian Hill acted improperly by trying to resurrect the charge that had been dismissed. A nolle prosequi concludes a prosecution and it cannot be reinstated at a later date. Any action taken subsequent to the filing of a nolle prosequi is a nullity. *State v. Eubank*, 6th Dist. No. L-11-1211, 2012-Ohio-3512, ¶ 7; *Gates Mills v. Yomtovian*, 8th Dist. No. 88942, 2007-Ohio-6303, ¶ 21-22. Therefore, while Indian Hill should not have had the police officer appear at Ledgerwood's door or try him in mayor's court on the dismissed citation, those actions did not cause the time to run for speedy-trial purposes.

{¶14} The time did not begin to run again until April 16, 2012, when Ledgerwood was properly cited the second time for the February 6, 2012, traffic violation. He was told to appear in mayor's court on April 23, 2012, seven days later. Those seven days were chargeable to the state. On April 23, the court granted Ledgerwood's motion for a continuance until May 21. Therefore, the time was tolled under R.C. 2945.72(H) until May 21, 2012. *State v. Matthews*, 1st Dist. Nos. C-060669 and C-060692, 2007-Ohio-4881, ¶ 28.

{¶15} Ledgerwood appeared for court on May 21, 2012, and was tried for the offense in the second citation. That was the 28th day that was chargeable to the state, which was within the 30-day period required by R.C. 2945.71(A). Consequently, we hold that the trial court erred in granting Ledgerwood's motion to

OHIO FIRST DISTRICT COURT OF APPEALS

dismiss for lack of a speedy trial. We sustain Indian Hill's sole assignment of error, reverse the municipal court's judgment, and remand the cause to the municipal court with instructions to overrule Ledgerwood's motion to dismiss for lack of a speedy trial, and for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

CUNNINGHAM, P.J., and FISCHER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.