[Cite as *State v. Montgomery*, 2013-Ohio-5287.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13-CA-39 |
| ROMAR M. MONTGOMERY | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
Common Pleas, Case No. 06 CR 512

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 27, 2013

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

KENNETH W. OSWALT             ROMAR MONTGOMERY, PRO SE
Licking County Prosecutor        R.C.I. - Inmate No. 556-398
                                           P.O. Box 7010
By: CHRISTOPHER A. REAMER     Chillicothe, Ohio 45601
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Defendant-appellant Romar Montgomery appeals the April 17, 2013 Judgment Entry entered by the Licking County Court of Common Pleas denying his motion for resentencing. Plaintiff-appellee is the state of Ohio.

STATEMENT OF PROCEDURAL HISTORY[1]

{¶2} On July 11, 2007, Appellant was sentenced to an aggregate prison term of twenty-five years for multiple drug related felonies. Appellant timely appealed. This Court affirmed Appellant's convictions and sentence via Opinion and Judgment Entry in *State v. Montgomery,* Ohio App. Fifth Dist. No. 2007CA95, 2008-Ohio-6077.

{¶3} In March of 2009, Appellant filed various pro se motions in an attempt to reopen his appeal. On May 26, 2009, this Court denied the motion to reopen the direct appeal as untimely and for failure to state a colorable claim of ineffective assistance of appellate counsel.

{¶4} Appellant then filed a complaint for mandamus in the Ohio Supreme Court requesting the Licking County Appeals Clerk be ordered to serve Appellant with our May 26, 2009 Judgment Entry denying his application to reopen. On September 30, 2009, the Ohio Supreme Court granted dismissal of Appellant's mandamus complaint. *State of Ohio, el rel., Romar Montgomery v. Licking County Court House c/o Clerk of Courts, 5th District Appellate Division*, 2009-1336.

{¶5} In 2013, Appellant filed a pro se motion for resentencing and a supplemental pleading for resentencing alleging his sentence was void due to the trial court's imposition of an additional one year sentence enhancement to his conviction as

---

[1] A rendition of the underlying facts is unnecessary for our resolution of the appeal.

a major drug offender in Count Three. On April 17, 2013, the trial court denied the motion.

{¶6} Appellant now challenges the denial of his motion for resentencing, assigning as error:

{¶7} "I. DEFENDANT/APPELLANT SHOULD BE VACATED BECAUSE THE FIFTH DISTRICT COURT OF APPEALS REFUSE TO SERVE NOTICE AND A COPY OF THE DECISION THAT DENIED HIS PRO SE APP. R. 26 (B) APPLICATION THEREBY DENYING HIM THE RIGHT TO APPEAL.

{¶8} "II. DEFENDANT/APPELLANT SENTENCE SHOULD BE VACATED BECAUSE THE TRIAL COURT SENTENCED HIM OVER THE STATUTORY MAXIMUM. THEREBY RENDERING A VOID SENTENCE.

{¶9} "III. DEFENDANT/APPELLANT SENTENCE SHOULD BE VACATED BECAUSE IT IS CONTRARY TO THE JURY'S VERDICT IN VIOLATION OF BLAKELY V. WASHINGTON AND APPEND i v. [sic] NEW JERSEY."

I.

{¶10} In the first assignment of error, Appellant argues this Court's May 26, 2009 Judgment Entry denying his application to reopen should be vacated as the Court of Appeals has refused to serve notice and copy of the decision denying his application; thereby, denying his right to an appeal.

{¶11} As set forth in the Statement of Procedural History, supra, this Court denied the motion to reopen the appeal as untimely and for failure to state a colorable claim of ineffective assistance of appellate counsel on May 26, 2009. Appellant filed a complaint for mandamus in the Ohio Supreme Court requesting the Licking County

Appeals Clerk be ordered to serve Appellant with the May 26, 2009 denial of his application to reopen. On September 30, 2009, the Ohio Supreme Court granted dismissal of Appellant's mandamus complaint. *State of Ohio, el rel., Romar Montgomery v. Licking County Court House c/o Clerk of Courts, 5th District Appellate Division*, 2009-1336.

{¶12} Appellant sought remedy with a filing of a mandamus complaint in the Ohio Supreme Court, which was denied. Appellant subsequently acknowledged receipt of our decision denying his application for reopening on August 2, 2011. Appellant's first assignment of error is barred by the doctrine of res judicata and untimely; therefore, overruled.

## II, III.

{¶13} Appellant's second and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶14} Appellant asserts his sentence should be vacated as the trial court sentenced him over the statutory maximum and contrary to the jury verdict; rendering the sentence void.

{¶15} The doctrine of res judicata bars any claim capable of being raised at the time of direct appeal. *State v. Perry*, 10 Ohio St.2d 175.

{¶16} In *State v. Reed* No. 11AP-792, 2012-Ohio-1612, the Tenth District Court of Appeals addressed the argument raised herein holding,

{¶17} "In this case, appellant's motion failed to demonstrate any error, much less 'void' sentencing error. This court has already rejected the argument that *Foster* severed former R.C. 2929.14(D)(3)(b) in its entirety. In *State v. Pena,* 10th Dist. No.

06AP–688, 2007–Ohio–4516, ¶ 20, we explained that 'the Supreme Court severed only the portion of [R.C. 2929.14(D)(2)(b) and (D)(3)(b) ] requiring judicial fact-finding with an explanation that trial courts could continue to impose the add-on sentence where the jury had found the defendant to be a major drug offender as defined by statute.' Other appellate districts have similarly concluded that 'R.C. 2929.14(D)(3)(b) is not entirely a nullity after *Foster* ' and that 'a trial court may use R.C. 2929.14(D)(3)(b) to impose an additional prison term on a major drug offender.' *State v. Black,* 1st Dist. No. C–100357, 2011–Ohio–1330, ¶ 29; *see also State v. Newton,* 2d Dist. No. 24154, 2011–Ohio–2188, ¶ 21; *State v. Sims,* 8th Dist. No. 95979, 2011–Ohio–4819, ¶ 38 (because *Foster* severed only the language requiring judicial fact-finding, the defendant 'was subject to an additional sentence as a major drug offender at the trial court's discretion').

{¶18} "Subsequent decisions from the Supreme Court of Ohio reemphasize that *Foster* did not eliminate the additional prison terms authorized for major drug offenders and repeat violent offenders. In *State v. Chandler,* 109 Ohio St.3d 223, 846 N.E.2d 1234, 2006–Ohio–2285, ¶ 17, the court explained, 'As [R.C. 2929.14(D)(3)(b) ] now stands, a major drug offender still faces the mandatory maximum ten-year sentence that the judge must impose and may not reduce. Only the add-on that had required judicial fact-finding has been severed.' In *State v. Hunter,* 123 Ohio St.3d 164, 915 N.E.2d 292, 2009–Ohio–4147, ¶ 27, the court stated the following with regard to the effect of *Foster* on repeat-violent-offender specifications:

{¶19} "'Our opinions in *Foster* and [*State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855] patently demonstrate our intent to excise only the portions of former R.C. 2929.14(D)(2)(b) that required judicial fact-finding in violation of the Sixth Amendment

and the United States Supreme Court's decisions in *[Apprendi v. N.J.,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ] and [ *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ]. We never specifically precluded a trial court from imposing enhanced penalties for a repeat violent offender specification, nor did we excise the definition of a repeat violent offender as set forth in former R.C. 2929.01(DD). Furthermore, none of our decisions after *Foster* indicate that this specification no longer exists. Thus, *Foster* excised judicial fact-finding from former R.C. 2929.14(D)(2) but did not eliminate the repeat violent offender specification, as defined in former R.C. 2929.01(DD).

{¶20} "Although the decision in *Hunter* focused on the additional penalty for repeat violent offenders, its reasoning applies equally to the additional penalty for major drug offenders. *See Newton* at ¶ 20

{¶21} "Appellant relies on the Second District's holdings in *State v. Sanchez,* 2d Dist. No.2006–CA–154, 2009–Ohio–813, and *State v. Dillard,* 173 Ohio App.3d 373, 878 N.E.2d 694, 2007–Ohio–5651 (2d Dist.), for the proposition that *Foster* severed former R.C. 2929 .14(D)(3)(b) in its entirety. In *Sanchez,* however, the court did not reach this at ¶ 5. Although the *Dillard* court did find former R.C. 2929.14(D)(3)(b) to be severed by *Foster,* the Second District later reconsidered this holding based on the Supreme Court of Ohio's subsequent decision in *Hunter. Newton.* As the court stated in *Newton* at ¶ 21, '[t]he Supreme Court's ruling in *Hunter* * * * rejected the view we expressed in *Dillard* that the specification imposing an enhanced sentence for a major drug offender could never survive *Foster; Hunter* made clear that the major drug offender specification contained in R.C. 2929.14(D)(3)(b) was not totally eliminated or

rendered unconstitutional by *Foster*.' Accordingly, appellant's reliance on *Sanchez* and *Dillard* is misplaced."

{¶22} Appellant has failed to prove his sentence was void; therefore, the doctrine of res judicata prohibits review of his sentence as his claim was or could have been raised at sentencing or in a direct appeal. Therefore, the trial court properly denied Appellant's motion for resentencing.

{¶23} The second and third assignments of error are overruled.

{¶24} The April 17, 2013 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :               JUDGMENT ENTRY
                                       :
ROMAR M. MONTGOMERY                     :
                                       :
    Defendant-Appellant                :               Case No. 13-CA-39


For the reasons stated in our accompanying Opinion, the April 17, 2013

Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs to

Appellant.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY