[Cite as *State v. Montgomery*, 2017-Ohio-7457.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, J. |
| -vs- | |
| | Case No. 16 CA 0104 |
| ROMAR MONTGOMERY | |
| | |
| Defendant-Appellant | O P I N I O N |



CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2006 CR 00512


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 1, 2017


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

WILLIAM C. HAYES                       ERIC J. ALLEN
PROSECUTING ATTORNEY                   ERIC ALLEN LAW CRIMINAL
JENNA E. JOSEPH                        DEFENSE FIRM
ASSISTANT PROSECUTOR                   4605 Morse Road
20 South Second Street, Fourth Floor   Suite 201
Newark, Ohio  43055                    Gahanna, Ohio  43230

*Wise, John J.*

{¶1} Defendant-Appellant Romar Montgomery appeals the decision of the Court of Common Pleas, Licking County, overruling his motion for resentencing pertaining to his 2007 felony trafficking conviction. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### *Appellant's 2007 Conviction and Direct Appeal*

{¶2} On September 22, 2006, appellant was indicted by the Licking County Grand Jury on one count of trafficking in crack cocaine (a felony of the third degree), one count of complicity to commit trafficking in crack cocaine (a felony of the second degree), one count of trafficking in crack cocaine (a felony of the first degree), and one count of trafficking in cocaine (a felony of the second degree). Appellant appeared before the trial court on October 3, 2006, with counsel, and entered a plea of not guilty to all four charges.

{¶3} Appellant filed a motion to suppress on February 23, 2007. The motion to suppress sought to exclude "any evidence seized by police as a result of a warrantless arrest on September 14, 2006 and any oral statement given by Defendant subsequent to that arrest." The motion generally claimed appellant's warrantless arrest was improper. Appellant did not seek suppression of his statements, oral or written, due to a lack of *Miranda* warnings. The trial court held a suppression hearing on February 26, 2007, following which the motion to suppress was denied.

{¶4} On March 20, 2007, the trial court appointed new trial counsel for appellant. On July 9, 2007, a jury trial commenced. Appellant's appointed counsel made a motion *in limine*, or in the alternative, a new suppression hearing to exclude certain statements

made by appellant to police due to a lack of *Miranda* warnings. In the motion *in limine*, appellant specifically sought to exclude his written statement. The trial court denied the motion *in limine*, and further denied the motion for a new suppression hearing as untimely.

{¶5}    After hearing the evidence, the jury found appellant guilty on all counts, including special findings on each count. The court sentenced appellant as follows: Count I, three years in prison; Count II, five years in prison; Count III, ten years mandatory in prison as a major drug offender, plus one additional year in prison; Count IV, six years in prison. The trial court ordered each count to run consecutively, for a total prison sentence of twenty-five years. Appellant was granted 311 days jail credit.

{¶6}    Appellant filed a direct appeal to this Court, raising three Assignments of Error. On November 2, 2008, we affirmed appellant's conviction and sentence. *See State v. Montgomery*, 5th Dist. Licking 2007 CA 95, 2008-Ohio-6077.

{¶7}    Appellant thereafter filed a *pro se* motion to re-open his appeal. We denied the application on or about May 26, 2009. Appellant thereafter filed a complaint for mandamus in the Ohio Supreme Court, requesting that the Licking County Appeals Clerk be ordered to serve him with our May 26, 2009 judgment entry denying his application to reopen. On September 30, 2009, the Ohio Supreme Court granted dismissal of appellant's mandamus complaint. *See In the State of Ohio, ex rel., Romar Montgomery v. Licking County Court House c/o Clerk of Courts, 5th District Appellate Division,* Case Number 2009–1336.

## Appellant's 2010 Habeas Corpus Petition

**{¶8}** Appellant then brought a petition in the United States District Court, Southern District of Ohio, for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on July 27, 2010. On July 6, 2011, the federal magistrate recommended dismissal. *See Montgomery v. Jeffreys*, S.D. Ohio No. 2:10-CV-626, 2011 WL 2784168. The report and recommendation were adopted by the district court on August 22, 2011. *See Montgomery v. Jeffreys,* S.D. Ohio No. 2:10-CV-626, 2011 WL 3667396. Appellant thereafter was unsuccessful in obtaining an appeal to the United States Court of Appeals for the Sixth Circuit.

**{¶9}** The United States Supreme Court, on October 29, 2012, denied appellant's petition for a writ of certiorari. *See Montgomery v. Buchanan*, 568 U.S. 984, 133 S.Ct. 534, 184 L.Ed.2d 350 (2012).

## Appellant's 2013 Motion for Resentencing

**{¶10}** On January 30, 2013, appellant filed with the trial court a *pro se* motion for resentencing and a supplemental pleading for resentencing, alleging his sentence was void due to the trial court's imposition of an additional one-year sentence enhancement to his conviction as a major drug offender in Count III. On April 17, 2013, the trial court denied the motion. Appellant filed an appeal of that decision to this Court. On November 27, 2013, we overruled appellant's three assigned errors under the doctrine of *res judicata* and affirmed the trial court's decision to deny resentencing. *See State v. Montgomery*, 5th Dist. Licking No. 13–CA–39, 2013-Ohio-5287.

### *Appellant's 2016 Motion for Resentencing and the Present Appeal*

{¶11} On September 26, 2016, appellant filed with the trial court another motion for resentencing, raising for the first time the claim that in the original sentencing entry of July 12, 2007, the trial court had not imposed a postrelease control sanction from a prior conviction in another case.

{¶12} Appellant's motion for resentencing was denied by the trial court on November 14, 2016.

{¶13} Appellant filed a notice of appeal on December 13, 2016. He herein raises the following sole Assignment of Error:

{¶14} "I. THE JOURNAL ENTRY FILED BY THE TRIAL COURT SENTENCING THE APPELLANT WITHOUT IMPOSING A SANCTION FOR POST RELEASE CONTROL IS NOT A FINAL APPEALABLE ORDER."

I.

{¶15} In his First Assignment of Error, appellant essentially contends the trial court erred in failing to find his 2007 sentence void and declining to resentence him on that basis.

{¶16} Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Howard*, 2nd Dist. Montgomery No. 26069, 2014-Ohio-4602, ¶ 9, quoting *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶17}** The Ohio Supreme Court has recognized: "* * * [I]n the normal course, sentencing errors are not jurisdictional and do not render a judgment void. * * * But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer,* 128 Ohio St.3d 92, 94, 942 N.E.2d 332, 2010–Ohio–6238, ¶ 7–¶ 8. Thus, a "void sentence" is not precluded from appellate review by principles of *res judicata*, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Parson,* 2nd Dist. Montgomery No. 24641, 2012–Ohio–730, ¶ 8, quoting *Fischer*, *supra*, at paragraph one of the syllabus (internal quotations omitted).

**{¶18}** Appellant herein directs us to R.C. 2929.141(A), which states as follows in pertinent part:

Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. ***.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

**{¶19}** We note the General Assembly has chosen the term "may" regarding the trial court's actions when sentencing a defendant who is already on postrelease control. Thus, the possible consequences of the commission of a felony outlined under R.C. 2929.141 are discretionary options of the trial court. *See State v. Lane,* 3rd Dist. Allen App. No. 1–10–10, 2010–Ohio–4819, ¶ 15. However, the void-sentence rule of *Fischer* was originally limited to "a discrete vein of cases: those in which a court does not properly impose a *statutorily mandated* period of postrelease control." *See Fischer* at ¶ 31 (emphasis added). Even though the void sentence doctrine has since been somewhat expanded by the Ohio Supreme Court, the primary expansions have involved a failure to include mandatory driver's license suspension in the offender's sentence (*State v. Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, paragraph one of the syllabus), and a failure to include certain mandatory fines in the sentence (*State v. Moore,* 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, syllabus).

**{¶20}** Accordingly, we find no merit in appellant's attempt to extend the void sentence rule to the present matter, as the trial court was not under a mandatory obligation at appellant's 2007 sentencing in this case to impose a community control sanction for his prior offense from another case. Therefore, we reject appellant's suggestion that the trial court's silence as to imposing such a sanction at his 2007 sentencing resulted in a void or non-final sentencing entry subject to challenge in the trial court or from which he can still appeal.

**{¶21}** We hold the trial court properly denied appellant's motion to resentence, on grounds of *res judicata*.

{¶22}  Accordingly, appellant's sole Assignment of Error is overruled.

{¶23}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/d 0816