[Cite as *State v. Montgomery*, 2019-Ohio-853.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff – Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2018-CA-00115 |
| ROMAR M. MONTGOMERY | |
| Defendant – Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:        Appeal from the Licking County Court of
                                 Common Pleas, Case No. 2006-CR-
                                 00512



JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          March 12, 2019


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      ROMAR MONTGOMERY, Pro Se
Licking County Prosecutor             Inmate #A556398
                                      Southern Ohio Correctional Facility
PAULA M. SAWYERS                      P.O. Box 45699
Assistant Prosecuting Attorney        Lucasville, Ohio  45699
20 S. Second Street, Fourth Floor
Newark, Ohio  43055

*Hoffman, P.J.*

{¶1} Appellant Romar M. Montgomery appeals the judgment entered by the Licking County Common Pleas Court overruling his "Motion to Correct Void Judgment of Conviction Concerning Post Release Control." Appellee is the state of Ohio.

<u>STATEMENT OF THE CASE[1]</u>

{¶2} On September 22, 2006, Appellant was indicted by the Licking County Grand Jury on one count of trafficking in crack cocaine (a felony of the third degree), one count of complicity to commit trafficking in crack cocaine (a felony of the second degree), one count of trafficking in crack cocaine (a felony of the first degree), and one count of trafficking in cocaine (a felony of the second degree). Appellant appeared before the trial court on October 3, 2006, with counsel, and entered a plea of not guilty to all four charges.

{¶3} Following jury trial, Appellant was convicted on all counts, including special findings on each count. The court sentenced Appellant to an aggregate prison term of 25 years in prison.

{¶4} Appellant filed a direct appeal to this Court, raising three Assignments of Error. On November 2, 2008, we affirmed Appellant's conviction and sentence. *State v. Montgomery*, 5th Dist. Licking 2007 CA 95, 2008–Ohio–6077.

{¶5} On January 30, 2013, Appellant filed with a pro se motion for resentencing and a supplemental pleading for resentencing, alleging his sentence was void due to the trial court's imposition of an additional one-year sentence enhancement to his conviction as a major drug offender on Count III. On April 17, 2013, the trial court denied the motion. Appellant filed an appeal of that decision to this Court. On November 27, 2013, we

---

[1] A rendition of the facts is unnecessary to our disposition of the issues raised on appeal.

overruled appellant's three assigned errors under the doctrine of res judicata and affirmed the trial court's decision to deny resentencing. *State v. Montgomery*, 5th Dist. Licking No. 13–CA–39, 2013–Ohio–5287.

{¶6} On September 26, 2016, Appellant filed another motion for resentencing, claiming in the original sentencing entry of July 12, 2007, the trial court had not imposed a post-release control sanction from a prior conviction in another case. Appellant's motion for resentencing was denied by the trial court on November 14, 2016, and affirmed by this Court. *State v. Montgomery*, 5th Dist. Licking No. 16 CA 0104, 2017-Ohio-7457.

{¶7} Appellant filed a Motion to Correct Void Judgment of Conviction Concerning Post Release Control on August 31, 2018. The trial court overruled the motion on November 16, 2018. It is from the November 16, 2018 judgment Appellant prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRORED AS A MATTER OF LAW IN IMPOSING A FIVE YEAR PERIOD OF POST-RELEASE CONTROL FOR A THIRD AND SECOND DEGREE FELONY, AND FOR FAILING TO STATE WHETHER POST-RELEASE CONTROL IS DISCRETIONARY OR MANDATORY.

{¶8} Appellant first argues his sentence is void because the entry does not state whether post-release control is mandatory or discretionary.

{¶9} The July 12, 2007 judgment of conviction states, "The Court informed the defendant that upon release from prison he would be on post-release control for five

years, and that is not reducible by the Adult Parole Authority." We find this language sufficiently states Appellant would be subject to a mandatory term of post-release control of five years.

{¶10} Appellant further argues while he was subject to a five year mandatory term of post-release control for his first degree felony conviction, he was also convicted of a third degree felony and two second degree felonies, for which the terms of post-release control would be three years discretionary and three years mandatory respectively, and his sentencing entry is void because the trial court failed to impose post-release control for these convictions.

{¶11} R.C. 2967.28(F)(4)(c) provides:

> If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.

{¶12} In the instant case, Appellant was subject to more than one period of post-release control. The trial court properly imposed only the period of post-release control which would expire last, in this case, the five year mandatory term of post-release control for the first degree felony.

**{¶13}** The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur